UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MELVIN BROWN,

           Plaintiff,

- against -

P.O. ANDREW ACIERNO, Shield No. 20671,
SERGEANT "JOHN DOE" and
THE CITY OF NEW YORK,

           Defendants.
---------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

      Plaintiff, MELVIN BROWN, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

    1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

    4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for false arrest and battery.

### VENUE

    5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

    6.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, MELVIN BROWN, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. ANDREW ACIERNO, Shield No. 20671 (hereinafter "ACIERNO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant SERGEANT "JOHN DOE" was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities.

12. On or about July 18, 2013, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

14. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>AGAINST THE INDIVIDUAL DEFENDANTS</u>
## (42 U.S.C. §1983)

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about April 22, 2013, at approximately 4:15 P.M., plaintiff was lawfully operating his motor vehicle on his way home from work.

17. At the aforementioned time and place, plaintiff was alone in his vehicle.

18. Plaintiff stopped his motor vehicle for a red traffic light at the intersection of Mermaid Avenue and West 20th Street in the County of Kings, City and State of New York.

19. At the aforementioned time and place, defendants ACIERNO and DOE pulled their marked New York City Police Department motor vehicle directly behind plaintiff's motor vehicle, turned on their roof lights and sounded their siren.

20. Plaintiff immediately pulled over to the curb.

21. The aforementioned stop of plaintiff's vehicle by defendants ACIERNO and DOE was made without reasonable suspicion or probable cause.

22. Defendants ACIERNO and DOE exited their aforementioned Police Department motor vehicle, approached plaintiff's vehicle and asked him for his license.

23. Plaintiff asked defendants ACIERNO and DOE if he had run a red light.

24. Defendant ACIERNO responded that plaintiff had been stopped because he was wearing a bandana that covered the lower part of his face and because the music he was playing in his vehicle was too loud.

25. Plaintiff, who was and is employed on a road crew by the New York City Department of Transportation, was wearing, over the lower part of his face, the same scarf that he had worn while he was putting down asphalt on roadways earlier in the day.

26. Plaintiff handed his license to defendants ACIERNO and DOE, who took it back to their vehicle.

27. After a few minutes had passed, defendants ACIERNO and DOE returned to plaintiff's vehicle, at which time they informed him that there was an outstanding warrant for his arrest.

28. Defendants ACIERNO and DOE ordered plaintiff to step out of his vehicle.

29. Plaintiff stepped out of his vehicle but informed defendants ACIERNO and DOE that he could not possibly have a warrant outstanding, as he had appeared in Criminal Court three days previously as a defendant in a prosecution that had been dismissed on the day he had appeared.

30. Defendant ACIERNO, without having any cause to do so, violently grabbed hold of plaintiff's right arm and forcefully twisted it.

31. Both defendants ACIERNO and DOE proceeded to tightly handcuff plaintiff.

32. Plaintiff was placed in the rear seat of the aforementioned Police Department motor vehicle and was transported to the stationhouse of the 60th Precinct.

33. The handcuffs were removed from plaintiff's wrists after he had been held at the aforementioned stationhouse for approximately forty-five minutes.

34. After being held at the aforementioned stationhouse for approximately two to three hours, plaintiff was issued two desk appearance tickets.

35. One of the desk appearance tickets falsely and maliciously charged plaintiff with violating Penal Law §240.35(4), which criminalizes being in a public place while being masked with other persons similarly masked, a violation.

36. The other desk appearance ticket issued to plaintiff falsely and maliciously charged him with making an unreasonable noise with his radio, a violation of §24-218(a) of the New York City Administrative Code.

37. On or about July 8, 2013, both charges against plaintiff were dismissed in Criminal Court of the City of New York.

38. The individual defendants violated plaintiff's rights guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, stopped him without having reasonable suspicion therefor, charged him with violations of the New York State Penal Law and the New York City Administrative Code without having probable cause therefor and used unreasonable and excessive force on him, in that defendant ACIERNO grabbed and twisted plaintiff's right arm with such force as to cause a tear of the rotator cuff of plaintiff's right arm.

39. Because of the aforementioned acts committed against him by the individual defendants hereto, plaintiff suffered a deprivation of his rights to be stopped, questioned and frisked only with reasonable suspicion therefor; his right to be arrested, charged and prosecuted only with probable cause; and his right not to be subjected to excessive and unnecessary force, all guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured in his right arm; required surgery; required and will continue to require medical

treatment; lost time and income from his employment; and incurred, and will continue to incur, expenses for medical treatment.

40. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ACIERNO, DOE AND THE CITY OF NEW YORK
### (False Arrest)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" hereinabove as if more fully set forth at length herein.

42. On or about April 22, 2013, at approximately 4:15 P.M., plaintiff was lawfully present by himself in his motor vehicle at the intersection of Mermaid Avenue and West 20th Street in the County of Kings, City and State of New York, when defendants ACIERNO and DOE stopped plaintiff without having reasonable suspicion therefor and arrested him without having probable cause therefor.

43. Plaintiff was transported to the stationhouse of the 60th Precinct, where he remained for approximately two to three hours.

44. Defendants ACIERNO and DOE falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having violated Penal Law §240.35(4), and §24-218(a) of the New York City Administrative Code.

45. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

46. By reason of the false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a loss of his liberty; was rendered sick, sore, lame and disabled; was severely and permanently injured in his right arm; required surgery; required and will continue to require medical treatment; lost time and income from his employment; and incurred, and will continue to incur, expenses for medical treatment.

47. As a result of the false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ACIERNO AND THE CITY OF NEW YORK
(Battery)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. On or about April 22, 2013, at approximately 4:15 P.M., at the intersection of Mermaid Avenue and West 20th Street in the County of Kings, City and State of New York, defendant ACIERNO, without any probable cause whatsoever, offensively

touched plaintiff by intentionally grabbing and twisting his right arm in such a manner as to cause a tear in his right rotator cuff and by intentionally handcuffing plaintiff so tightly as to worsen the aforementioned damage and injury to his right arm.

50. The aforementioned force used by defendant ACIERNO was not reasonable under the circumstances.

51. At the aforementioned time and place, defendant ACIERNO was acting within the scope of his employment by defendant CITY OF NEW YORK.

52. By reason of the aforementioned battery committed against him by defendant ACIERNO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was rendered sick, sore, lame and disabled; was severely and permanently injured in his right arm; required surgery; required and will continue to require medical treatment; lost time and income from his employment; and incurred, and will continue to incur, expenses for medical treatment.

53. As a result of the battery committed upon him by defendant ACIERNO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ACIERNO.

WHEREFORE, plaintiff, MELVIN BROWN, demands judgment against defendants, P.O. ANDREW ACIERNO, Shield No. 20671, SERGEANT "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant ACIERNO.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 19, 2014

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2280